## No. 15,201.

SHORT, MAYOR ET AL. *v.* ORIENTAL REFINING COMPANY.
(149 P. [2d] 245)

Decided May 15, 1944.

Mr. BERNARD E. MADDEN, for plaintiffs in error.

Messrs. FOARD BROTHERS, Mr. MAX P. ZALL, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THE Oriental Refining Company, a corporation, defendant in error, to which we hereinafter refer as plaintiff, or the company, brought an action in the nature of mandamus against certain city officials of Canon City, praying that said officials be required to issue a building permit to plaintiff for the construction of a filling station in Canon City, and "for an order enjoining the defendants * * * from interfering with the plaintiff in said construction."

The record discloses the following factual situation: In September, 1941, Mr. Truesdell, sales manager of the company, seeking a location for a filling station, contacted the city officials of Canon City regarding the construction of the same, and several talks were had between him and the mayor (Mr. Short) and the building inspector, Mr. Sandburg, concerning the matter. The first site considered was on Main street; however, it was decided that that location was unsuitable, and in October of the same year the company negotiated with the Denver & Rio Grande Western Railroad Company for a site on its right-of-way. The building inspector was consulted concerning the permit and the type of construction, and he stated: "I told him [Truesdell] as far as his type of construction was concerned, I thought that would be O.K. with the city." About the same time the mayor informed Truesdell that so far as he knew "there

wouldn't be any objection—that as long as they complied with the rules and regulations and ordinances, and particularly the zoning ordinance," he "couldn't see anything in the world why we should keep them out." Relying upon this information the company entered into a lease with the above-mentioned railroad company for a plot of ground and purchased a large amount of equipment to be placed thereon. The company proceeded with the plans and specifications and had the property surveyed. Sandburg testified that on or about January 9, 1942, Truesdell, while on his way to Gunnison visited with him in Canon City and that he, Sandburg, in the course of their conversation concerning the details of the building, told him, "that was all right, as far as the building inspection department was concerned." January 14th Truesdell returned with his plans and specifications and Sandburg assisted him in making out the application for the permit. Sandburg admits there was nothing in the application that was in conflict with any of the city ordinances, and that he looked over the floor and elevation plans and found them to be proper. Truesdell states that the mayor had at the time told him that the permit would be issued.

January 14, the federal agency known as the Office of Production Management (O.P.M.) issued an order that no more filling stations were to be built unless, "prior to the effective date of this Order actual physical work of construction, reconstruction, expansion, remodeling, replacement or improvement has commenced at the location, or upon equipment then at the location, of any facility used in Marketing." At the time the order was issued the lease with the railroad company was in effect; the company's tanks had arrived and were on cars adjoining the property, an excavating machine was en route and the pumps and a thirteen hundred-dollar neon sign had been delivered. The mayor, having heard the announcement concerning the O.P.M. order on the morning radio broadcast, and having read press notices con-

cerning it, advised Truesdell that the permit could not be issued to his company. Truesdell, thereupon, visited the O.P.M. office in Denver, obtaining a letter from that organization, wherein it was recited, inter alia, "it would seem that work was commenced previous to January 14, 1942, the date of the order, and that you are entitled to proceed with the construction of the service station at Canon City." Truesdell presented this letter to various Canon City officials. Several telephone conversations between city officials and the O.P.M. office in Denver, followed, in which it is suggested that the letter may have been obtained under false statements made by the company representative. In any event, an official of the O.P.M. subsequently wrote Truesdell, stating that that office could not enter into any dispute between the city officials and the company, and calling attention to severe penalties for making false statements to the O.P.M.; however, no further action was taken by the O.P.M. A special meeting of the city council was held on January 19th at which Mayor Short asked for advice regarding the issuance of the permit, and the council, confirming the mayor's idea of the matter, decided the permit should be refused, and the city attorney was instructed to so advise the company. Thereupon the company instituted this action, which resulted in a finding by the trial court that the action of defendants in refusing to issue the permit was arbitrary, and it decreed that the proper officials of the city should issue the building permit, conditioned, however, that the company should comply with all rules, regulations, ordinances and laws of the city concerning the construction and operation of service stations.

The specification of points urged for reversal are, that the court erred in the following particulars: 1. In receiving in evidence the O.P.M. letter, plaintiff's exhibit D. 2. In misconstruing the purpose and effect of the O.P.M. order; that is, that the court construed the order in such a way as to protect the company from loss,

rather than to assist the United States Government in conserving war materials needed for the war effort. 3. In disregarding the city's duty to follow the O.P.M. regulation. 4. In disregarding the city's evidence which showed that the application, plans and specifications for the building were repugnant to requirements for the storage and handling of gasoline. 5. In granting a decree conditioned on future performance of matters which should have been executed before the suit was instituted. 6. In disregarding the city's evidence showing that the officials were without authority to waive any requirements of the city ordinances pertaining to the matter. 7. In ordering the issuance of the permit, whereby it abused its discretion and assisted in the doing of a wrongful and illegal act.

We dispose of these contentions as follows:

1. The court committed no error in admitting in evidence plaintiff's Exhibit D, the letter from the O.P.M. giving its consent to the construction, because it appears from the record that the letter was in the possession of the city officials for at least four days, and that they had ample opportunity to, and did, make full investigation as to its contents, so there was no need for examination "of the writer as to the facts."

2. It was of no legal concern to the city whether there had been a compliance with the O.P.M. order or not. That was a matter between the O.P.M. and the builder.

3. As to the Court's ordering the issuance of the permit contingently upon compliance by the company with the city ordinances, there was no error. "If the right of the applicant to erect the building for which the permit is sought is otherwise absolute, it is no ground for the denial of the permit or of a mandate to compel its issuance that the applicant intends to put the building when erected to an improper use; the question as to the legality of the alleged intended use must await determination in proper proceedings after such use is

attempted to be made of the building." 34 Am. Jur. 962.

4. Under the decree, the city waived nothing, and there was no participation by any of the officials in any unlawful act, hence cases cited and relied upon to support their contention in that behalf have no application.

There is no inconsistency between authorities cited as to the court's discretion in this type of cases and the conclusions reached by the trial court herein, and we hold that it did not abuse its discretion in entering the order of which complaint is made.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BURKE concur.