No. 21545.

CLARA RUGG *v.* JOHN M. JONES, SR., ET AL.
(403 P.2d 770)

Decided July 6, 1965.

RAY A. GUNNING, for plaintiff in error.

HOWARD K. PHILLIPS, PHILIP A. ROUSE, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

ON August 2, 1963, the defendants in error, hereinafter referred to as the plaintiffs, filed their complaint against

the plaintiff in error, hereinafter referred to as defendant. They sought relief by way of preliminary and permanent injunction against the defendant for barricading what was alleged to be a public road which gave plaintiffs access to their mountain homes fronting on Washington street in the town of Eldora, Boulder county.

The trial court held a hearing on preliminary injunction on August 9, 1963, at which oral testimony and exhibits were presented by both sides, following which an order granting a preliminary injunction was entered. On April 21 and 22, 1964, trial of the issues was had upon the application of plaintiffs for a permanent injunction. On June 29, 1964, the trial court entered its findings which generally found the issues of fact and law in favor of the plaintiffs. The permanent injunction was thereupon decreed as prayed for by the plaintiffs.

■ The sole question which was presented to the trial court for determination was whether the roadway involved in this controversy was a "public highway" as that term is defined in C.R.S. 1963, 120-1-1 (3) which reads as follows:

"All roads over private lands that have been used adversely without interruption or objection on the part of the owners of such lands for twenty consecutive years."

In the instant action the trial court specifically found, inter alia, that:

"5. The road, originally constructed as a toll road, from about 1900 to the commencement of this controversy in the spring of 1963, continuously was used by the public openly, notoriously, without interruption, adversely to the claims of the Defendant and her predecessors in title, for a period of a minimum of 36 years without objection on the part of Defendant or any predecessors in interest of the Defendant. There is no dispute in the evidence that this open, notorious, continuous and adverse user existed from 1912 to 1948.

\*   \*   \*

"8. The roadway across the westerly 20 feet of Lot 7,

Block 1, aforementioned, was used as a public highway by residents whose homes fronted on Washington Street openly, notoriously, continuously, and uninterruptedly for a period, which I find by the uncontroverted evidence, extended from the year 1912 to the year 1948; and for an additional period, which I find according to the weight of the evidence, extended from the year 1948 until April 1963.

\* \* \*

"12. I do find that throughout the years from 1900 to date there was regular and convenient useage [sic] of the public' access road known as the Eldora-Caribou highway from the Town of Eldora to the Town of Caribou by the public in wagons, jeeps, on horseback and on foot, and that the most heavily traveled portion was from the Town of Eldora to the homes fronting on Washington Street. I find that no other public access road than this one crossing the westerly 20 feet of Lot 7, Block 1, Ben Hur Addition, was ever used for regular and convenient access by the public, including Plaintiffs, to reach the property and homes fronting on Washington Street.

"13. All references by Defendant's witnesses to alleged barriers by trees and old residences place these structures 'by the road,' and the photographs, ancient and modern, clearly support my finding, as a fact that 'the road' is the public road which the Plaintiffs have asked be left unobstructed by Defendant.

\* \* \*

"17. I find that the rights claimed by the Plaintiffs were as members of the public generally to travel a public highway. I find that Plaintiffs elected not to claim their right of access as a private easement belonging to their dominant estates along Washington Street and burdening the Defendant's land as a servient estate. I therefore find it is unnecessary to quiet title in Plaintiffs to a private easement, as prayed by them in their first claim for relief. I find, however, that a decree should be made

declaring that a public highway exists across Defendant's land, and that Plaintiffs have full and unrestricted, peaceable and permanent rights to use the same as a public highway and that the Defendant, her servants, agents, attorneys, employees and all persons acting under the control, authority and direction of her, should be and they hereby are permanently enjoined from erecting fences upon and across the public highway or roadway leading through the Town of Eldora, which is clearly discernible as such upon the surface of the land of Defendant and which occupies the westerly 20 feet of Lot 7, Block 1, of Ben Hur Addition to the Town of Eldora, Boulder County, Colorado."

An examination of the record before us discloses a wealth of evidence to support these and other detailed findings of the trial court. The law applicable to the facts was correctly applied. *Martino v. Fleenor,* 148 Colo. 136, 365 P.2d 247. The stay of execution heretofore entered by this court is vacated and set aside effective forthwith.

The judgment is affirmed.