No. 23835.

ROGER D. MAHNKE, THE BUILDING INSPECTOR OF THE CITY OF ASPEN, THE BOARD OF ADJUSTMENT OF THE CITY OF ASPEN, IRWIN HARLAND, STEEN GANTZEL, FRANCIS WHITAKER, DONALD SWALES, HEATHER THARP, THE MEMBERS THEREOF; THE PLANNING AND ZONING COMMISSION OF THE CITY OF ASPEN AND ROBERT BARNARD, JOEL T. HARTMEISTER, YVAN TACHE, GEORGE HENNEGHAN, FRANCIS WHITAKER, WILLIAM E. THARP, JOHN G. BENNINGHOFF, THE MEMBERS THEREOF *v.* JOHN F. COUGHENOUR, JR. AND JAMES W. STALDER.

(458 P.2d 747)

Decided September 22, 1969.

STITT, WITTENBRINK and ROAN, PHILIP ROAN, for plaintiffs in error.

HINDRY, ERICKSON and MEYER, CHARLES F. BREGA, JOHN J. HANLON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS writ of error challenges the correctness of the trial court's ruling that defendants must grant a building permit to plaintiffs.

Plaintiffs in error are the building inspector of the city of Aspen, Colorado, the Board of Adjustment of Aspen and its members, and the Planning and Zoning Commission of Aspen and its members. They will be referred to as defendants as they were in the trial court. Defendants in error will be referred to as plaintiffs and are John F. Coughenour, owner of certain property in Aspen upon which he proposes to have constructed a condominium apartment, and James W. Stalder, who is to be the builder.

The plaintiffs instituted an action in the nature of mandamus to compel the building inspector, Mahnke, to issue them a building permit for the proposed condominium. They alleged that their plans and specifications met substantially all lawful requirements of the building and zoning ordinances of the city of Aspen but they nevertheless were arbitrarily refused a building permit. They further alleged that the permit was denied because of the disapproval of the Aspen Planning and Zoning Commission and that the building inspector, relying on the commission's recommendation, arbitrarily and capriciously abused his discretion in the performance of the duties of his office.

The defendants, in their answer, stated affirmatively that the Planning and Zoning Commission of Aspen had adopted a major street plan for the city prior to the plaintiffs' application for a building permit and that the permit was not granted because the street allegedly providing access to the building site is not in compliance with the applicable statute. The trial court entered judgment for the plaintiffs and ordered the permit to issue. It is the correctness of this judgment that is being questioned here on writ of error.

Plaintiffs' planned construction is on property at the base of Ajax Mountain in Aspen. They held several meetings with the building inspector and were told that their proposals and plans met the required building standards and that they would have no problem in ob-

taining a permit. However, with the concurrence of the other defendants, the building inspector ultimately denied the building permit on the basis that the access road to the property in question did not meet the requirements of C.R.S. 1963, 139-59-18, to wit:

"Erection of buildings. — (1) (a) After the time when a planning commission shall have adopted a major street plan of the territory within the corporate limits of said municipality, no building shall be erected on any lot within such territory or part, nor shall a building permit be issued therefor unless the street giving access to the lot upon which such building is proposed to be placed: (b) Shall have been accepted or opened as or shall otherwise have received the legal status of a public street prior to that time, or unless such street;

(3) Corresponds with a street shown on the official master plan or with a street or subdivision plat approved by the planning commission or with a street on a street plat made by and adopted by the commission or with a street accepted by council, after submission to the planning commission, by favorable vote required in section 139-59-17. Any building erected in violation of this section shall be deemed an unlawful structure and the building inspector or other appropriate official may cause it to be vacated or have it removed."

It should be noted here that under C.R.S. 1963, 139-59-1 (6), the term "streets" includes roads and other ways.

The trial court found that in May 1966, Aspen had adopted the Aspen Area General Plan upon which the only way shown across Ajax Mountain was a horseback trail. At the time of the adoption of the general plan, the building area with which we are here concerned was outside of the city limits of Aspen, and the County Commissioners of Pitkin County, under whose jurisdiction it was, had never approved the general plan. Subsequently this area, including the road, was annexed to the city of Aspen but nothing was ever done by the city relative to

the streets and roads included in the annexation map. The city engineer is also the building inspector of Aspen. He prepared a map of the annexed area which showed the road in question. He testified that he knew the road existed, had himself traveled on it, and that he thought it was a private road because it went over private land. Both the adoption of the general plan and the annexation of the land which includes the road and the building site occurred before plaintiffs applied for their building permit. Notwithstanding the absence of the road from the general street plan, the trial court found that even if it could be assumed that a street plan was adopted concerning this road, the exclusion of subsection (b) of the statute is controlling since the road was a public road prior to the adoption of the street plan.

Plaintiffs in error make two assignments of error to the trial court's decision:

1. The trial court erred as a matter of law in ordering the building inspector of the city of Aspen to issue a building permit to the plaintiffs.

2. The trial court committed error in finding that the plaintiffs' access road was within the exception in subsection (1)(b) of C.R.S. 1963, 139-59-18.

I.

The contention of the defendants is that the acts of the building inspector in denying the building permit are discretionary and therefore mandamus does not lie, and it was error to afford relief of that kind. The court characterized this action as a mandamus proceeding. While our rules of civil procedure have abolished the writ of mandamus, they have provided that the district court could grant such relief as could be had under a writ of mandamus. R.C.P. Colo. 106(a)(2).

This court has on several occasions held that an action in the nature of mandamus is a proper remedy to require a building inspector to issue a building permit. *Short v. Oriental Co.,* 112 Colo. 297, 149 P.2d 245; *People ex rel. Grommon v. Hedgcock,* 106 Colo. 300, 104 P.2d

607; *Hedgcock v. People ex rel. Arden Realty and Investment Co.*, 98 Colo. 522, 57 P.2d 891; *Hedgcock v. People ex rel. Reed,* 91 Colo. 155, 13 P.2d 264. In all three *Hedgcock* cases the basis on which the building inspector refused the permit was that its issuance would violate some city ordinance, and in *Short* it was denied on the basis that it violated a federal policy pronouncement. In the case at bar the Planning and Zoning Commission and the inspector determined that issuing the permit would violate a state statute. The building inspector, in denying the building permit, was not exercising his discretion as an engineer and building inspector, but rather was making a legal interpretation of a state statute which the trial court found to be incorrect. To contend, as the defendants do, that the building inspector can base a denial of a building permit on a legal interpretation which is not subject to court review is to, in effect, give him the powers of a judge and to deprive the applicant of his property without due process of law.

II.

Defendants contend that the road in question did not meet the requirements of C.R.S. 1963, 139-59-18, and did not become a public road before the adoption of the general plan or by virtue of any other means prescribed by statute. However, the trial court found it had become a public road before the adoption of the master plan so as to come under the exception of C.R.S. 139-59-18(1)(b) "Shall * * * otherwise have received the legal status of a public street prior to that time, * * *." :

The findings of fact concerning the road are not questioned on this writ of error. There is a road extending from Ute Ave. in Aspen to the property owned by plaintiff Coughenour, and that road extends through and beyond the property. The road is twenty-two (22) feet in width and provides access to the top of Ajax Mountain. It has been used continuously by the public without interruption for over thirty (30) years, with the exception that for some days or hours one Dean Billings

attempted to effect an interruption of continuous public use by putting up a barricade. The blockading of the road resulted in a court action in which the district court decreed that the road which passed through Billings' property was a public road. Although the court at that time had only before it the question of the status of the road through Billings' property, which is below Coughenour's property, nevertheless it is continuous from Ute Ave. The judgment applied to the same road as it crossed Dean Billings' property, and the facts of public use as found by the court apply with equal force to plaintiffs' property as the Billings portion of the road is only 200 feet below plaintiff's property. In addition to the factual finding, the judgment of the trial court is supported by *Rugg v. Jones*, 157 Colo. 526, 403 P.2d 770 and *Shively v. Board of County Commissioners of Eagle County*, 159 Colo. 353, 411 P.2d 782, involving mountain roads that had been used by the public for the prescriptive period and were found by this court to have become "public" under the statutory authority of C.R.S. 1963, 120-1-1(3), which is a codification of the common law method by which the public can obtain title by adverse use.

In *Shively, supra,* decided in 1966, the factors which the court considered were that the road in question was well defined and could be used part of the way by jeep and had been used continuously since 1920 by wagons, lumber trucks, picnickers, hunters and fishermen, on horseback and on foot, entering the White River National Forest.

There is a striking similarity between the road described in the *Shively* case and the road in the case at bar wherein the road has been used for more than thirty (30) years for hauling ore and for motor vehicle travel to the top of Ajax Mountain. The Aspen Ski Corporation uses the road every day in the summer to take their vehicles to the sun deck, to operate ski lifts and to do trail work. In the summer the road is open to general

jeep trips, motorcycles, horseback riding and hiking. In 1940 trucks began using the road to haul ore from the Franklin Dump to the Hunter Creek Mill. The road is the only access road to the Dean Billings' house, the Aspen Manor House and the sundeck on top of Ajax Mountain.

Certain language in *Shively* is equally applicable to the facts in the case at bar:

"In the record no showing was made by Shively or those who testified in his behalf that the use made by persons of the road was not under claim of right to do so. When testing the sufficiency of the evidence to support a find-ing of title by prescription the party asserting the same is aided by a presumption that the character of the use is adverse where such use is shown to have been made for a prescribed period of time. * * * The rule is no different with respect to presumptive rights gained by the public under the statute herein cited. [120-1-1(3)]."

██ Considering the foregoing factors, we find no error in the trial court's conclusion that the road in question was a public road long before the making of the Aspen general street plan and therefore, whether or not it was included in said plan is not determinative of its status as a public road. Since we have determined that a public access road did exist serving the property sought to be developed, it follows that the building inspector's reason for denying the permit was not a valid one and the trial court was correct in ordering the issuance of the permit to the plaintiffs.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.